UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOSHUA MOSES,

    Petitioner,                    Civ. No. 20-5718 (NLH)

  v.                                 OPINION

STATE OF NEW JERSEY,

    Respondent.

---

APPEARANCES:

Joshua Moses
55716-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640 Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Joshua Moses has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 asking for "final disposition" of two criminal matters: United States v. Moses, No. 14-232 (E.D. Pa.) and Commonwealth v. Moses, CP-51-CR-0001275-2012 (C.P. Phila. Cty., May 1, 2015).  He also asserts these outstanding matters are impacting his conditions of confinement at FCI Fort Dix, new Jersey.

    For the reasons expressed below, this Court will dismiss the petition without prejudice.

I.  BACKGROUND

The petition has very little in the way of facts. According to Petitioner, he was sentenced in the Commonwealth of Pennsylvania to 6 to 12 years consecutive, "but the sentence shall commence on 8-19-15."  ECF No. 1 at 2 (citing Moses, CP-51-CR-0001275-2012).  He was also sentenced in the United States District Court for the Eastern District of Pennsylvania to 105 months.  Id. (citing Moses, No. 14-232 (E.D. Pa.)).

"The outstanding charges in this matter is affecting the terms and conditions of his confinement, which produce uncertainties which obstruct programs of this prisoner's treatment, rehabilitation, and/or classification purposes."  Id. He states that "upon receipt of this filing the matter must be brought to trial, hearing, or disposition within ___, [sic] or otherwise dismiss with prejudice for failure to prosecute."  Id. "Finally, any sentence[s], disposition, or orders entered in absentia should be resolved with concurrent and conterminous sentence[s] concurrently being served, with credit for all time since the warrant or detainer was placed."  Id. at 3 (alterations in original).

II.  DISCUSSION

  A.  Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally

2

construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Analysis

It is not entirely clear to the Court what kind of relief Petitioner is seeking, but it appears that Petitioner is asking the Court to dismiss detainers lodged by the Eastern District of Pennsylvania and the Commonwealth of Pennsylvania because they are impacting his ability to participate in programs at FCI Fort

Dix.[1]  He also appears to challenge the validity of the detainers and the calculation of his sentence.

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)] action."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (internal citation omitted).  "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action ... is properly brought under § 1983" or a Bivens action.  Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Petitioner argues that the state and federal detainers impact his classification and prevent him from participating in unspecified programs at Fort Dix.  Challenges to program eligibility, security designation, and custody classification

---

[1] The Court understands these detainers to have been issued because Petitioner's state sentence runs consecutively to his federal sentence.  ECF No. 1 at 2.

4

"do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.'" Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "[P]risoners have no constitutional right to a particular classification." Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009). Therefore, the Court lacks the ability to consider this claim under § 2241.[2]

The Court also lacks jurisdiction under § 2241 to the extent Petitioner is challenging the validity of the detainers themselves. Petitioner is challenging state and federal detainers filed as a result of his convictions in Pennsylvania state and federal courts; these challenges must be brought under 28 U.S.C. §§ 2254 and 2255. The Court declines to convert the action into either a § 2254 or § 2255 proceeding because there are restrictions under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") for both statutes. Nothing in this opinion and order should be construed to prevent Petitioner from filing either action on his own.

---

[2] The Court will not sua sponte recharacterize the petition as a civil complaint as there are meaningful differences between the filing of a habeas petition and a civil complaint. Petitioner may file a civil complaint, if he so wishes, subject to the requirements of the Prison Litigation Reform Act.

5

The Court would have jurisdiction under § 2241 to consider a claim that the BOP incorrectly calculated Petitioner's sentence.  However, the petition as filed does not contain enough information for the Court to require the United States to answer.  See 28 U.S.C. § 2254 Rule 2.  Petitioner may move for leave to file an amended petition that states the specific facts supporting his claim.[3]

III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is dismissed without prejudice.  Petitioner may move for leave to file an amended petition challenging the calculation of his sentence.

An appropriate order will be entered.

Dated: September 9, 2020          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[3] If Petitioner elects to file an amended petition challenging the calculation of his sentence, he must distinguish the claim from those pending before the Court in his other § 2241 petitions.  See Moses v. Ortiz, No. 18-12380; Moses v. Commonwealth of Pennsylvania, No. 18-15367; Moses v. Ortiz, No. 19-4811.

6